IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACKSON WILLIAMS,<br><br>Defendant. | **8:19CR40**<br><br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the Court on Defendant's "Motion to Find 18 U.S.C. § 922(g)(1) Unconstitutional as Applied and for Dismissal of the Charges." (Filing No. 50.) An evidentiary hearing was held on February 7, 2020. At the hearing, exhibits were received and the undersigned took judicial notice of the Superseding Indictment, as well as the pretrial services report filed with the Court under seal.[1] (TR. 7-8.)

A transcript of the hearing has been filed and Defendant's motion is now ripe for disposition. For the reasons explained below, the undersigned will recommend that the motion be denied.

## FACTS

On January 23, 2019, Defendant was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Filing No. 1.) A Superseding Indictment was filed on August 21, 2019, which charged Defendant with violations of 18 U.S.C. §§ 922(g)(1)

---

[1] The pretrial services report remains under seal. (TR. 7-8.)

and 924(a)(2).  (Filing No. 34.)  A Notice of Superseding Indictment (Filing No. 37) was filed on August 23, 2019, advising Defendant that the Superseding Indictment included new language.

**DISCUSSION**

Defendant argues that 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms, is unconstitutional as applied to him under the facts of this case.  Defendant contends that the Second Amendment allows felons to possess firearms in their home to protect themselves.  Defendant maintains that his firearm possession occurred in his residence and that his possession was for the purpose of defending himself and his home.[2]  Therefore, according to Defendant, applying 18 U.S.C. § 922(g)(1) to him would violate his Second Amendment rights.[3]

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  However, the United States Supreme Court recognized in *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) that "[l]ike most rights, the right secured by the Second Amendment is not unlimited."  In *Heller*, the Supreme Court examined the constitutionally of a District of Columbia law that prohibited the possession of handguns within the home.  The Supreme Court concluded that the handgun ban violated the Second Amendment, but, in doing so, noted that its ruling should not be "taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms."  *Id*. at 626-27.

---

[2] There is a dispute of fact as to whether the home where the firearms were located was Defendant's residence.  There was evidence presented at the hearing that Defendant was a "floater" with no real residence. (TR. 15-17; Ex. 1.)  Defendant testified at the hearing, but the Court has serious doubts regarding his credibility; specifically, his testimony that he lived at the home where the firearms were located.  If the home was not Defendant's residence, his current argument fails.  Nevertheless, for purposes of this Findings and Recommendation only, the Court will presume that it was Defendant's residence.

[3] The Eighth Circuit has previously rejected facial challenges to the constitutionality of § 922(g)(1).  *See United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011) ("[I]t is well settled that Congress did not violate the Second Amendment or exceed its authority under the Commerce Clause when enacting . . . §922(g), and [the defendant's] arguments to the contrary are foreclosed by our prior decisions").

Following *Heller*, the Supreme Court addressed the constitutionality of two Illinois cities' handgun prohibitions. In *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010), the Supreme Court held that the Second Amendment is "fully applicable to the States" and that the Fourteenth Amendment incorporated the Second Amendment right to keep and bear arms for purposes of self-defense. *Id*. at 750. In its opinion, the Supreme Court repeated its assurance in *Heller*, stating that incorporation did not "imperil every law regulating firearms." *Id*. at 786.

Defendant argues that § 922(g)(1) is overly broad as applied to him because, despite his felony convictions, he has a Second Amendment right to possess a firearm inside his residence for purposes of self-defense. "An as-applied challenge asks the reviewing court to declare the disputed statute unconstitutional on the facts of the particular case." *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) (internal quotation omitted). "The as-applied challenger does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Id*. "At a minimum, to succeed on an as-applied challenge, [a defendant] must establish (1) that the Second Amendment protects his particular conduct, and (2) that [a] prior felony conviction is insufficient to justify the challenged regulation of Second Amendment rights." *Id*.

The Eighth Circuit has previously rejected as-applied challenges to § 922(g)(1) "when the challenger had a violent felony or was otherwise among those historically not entitled to Second Amendment protections." *United States v. Hughley*, 691 Fed. App'x 278, 279 (8th Cir. 2017) (rejecting an "as applied" challenge to § 922(g)(1) by a defendant who had committed multiple, non-violent felonies, stating that the statute's purpose "reaches beyond felons who have proven themselves violent"). For instance, in *United States v. Brown*, 436 Fed. App'x 725, 726 (8th Cir. 2011), the Eighth Circuit rejected a defendant's as-applied challenge to § 922(g)(1) in which the defendant argued that his conviction violated his right to bear arms. In upholding the defendant's conviction, the Eighth Circuit stated that the defendant had not "presented facts about himself and his background that distinguish[ed] his circumstances from those of persons historically barred from Second Amendment protections." *Id*. at 726 (quotation omitted). The Eighth Circuit further stated that the defendant's "assertion that he possessed the gun for self-defense [was] insufficient to successfully challenge his conviction under the felon in possession statute." *Id*. Similarly, in *United States v. Woolsey*, 759 F.3d 905 (8th Cir. 2014), the Eighth Circuit rejected an as-applied

challenge to § 922(g)(1) because the defendant's prior felony convictions were violent and because he did not show that he was "no more dangerous than a typical law-abiding citizen." *Id.* at 909. The defendant in *Woolsey* had two convictions for resisting arrest and one for aggravated assault. *Id*.

Here, Defendant has not presented facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections. Defendant has not shown that he is no more dangerous than a typical law-abiding citizen. In fact, Defendant is not a "law-abiding citizen." Defendant has multiple felony convictions for violent crimes, including two counts of 3rd Degree Assault on an Officer, Terroristic Threats, and 1st Degree False Imprisonment. (Filing No. 8.) Additionally, he has convictions for possession of a controlled substance, manufacturing and distribution of a hazardous substance, and attempted burglary. (Filing No. 8.) Defendant is "categorically different from the individuals who have a fundamental right to bear arms." *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010). Defendant has failed to establish that the Second Amendment protects his conduct and that his felony convictions are insufficient to justify regulation of his Second Amendment rights. Therefore, the undersigned will recommend that Defendant's motion be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert Rossiter, Jr. that Defendant's "Motion to Find 18 U.S.C. § 922(g)(1) Unconstitutional as Applied and for Dismissal of the Charges" (Filing No. 50) be denied.

Dated this 16th day of March, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.