IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:19CR40** |
| v. | |
| JACKSON WILLIAMS, | **ORDER** |
| Defendant. | |

Defendant Jackson Williams ("Williams") is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and (e)(1). Before the Court is Williams's Motion to Find 18 U.S.C. § 922(g)(1) Unconstitutional as Applied and for Dismissal of the Charges (Filing No. 50).  Williams contends § 922(g)(1) is unconstitutional as applied to him because his alleged possession of a firearm was "inside his residence for the purpose of self defense."

Williams acknowledges that the Supreme Court—in deciding in *District of Columbia v. Heller* that a law that "totally ban[ned] handgun possession in the home" violated the Second Amendment—warned "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." 554 U.S. 570, 626 (2008).  Yet Williams maintains the Second Amendment protects the rights "of all people, including convicted felons, to possess a firearm for the defense of home and hearth inside his home."

After an evidentiary hearing on February 7, 2020, the magistrate judge[1] issued a Findings and Recommendation (Filing No. 70) recommending Williams's motion be denied.  Though expressing some doubts about Williams's credibility, the magistrate judge

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

presumed the place where the firearms were found was Williams's residence.  Noting the Eighth Circuit's observation that it has consistently "rejected as-applied challenges to § 922(g)(1) when the challenger had a violent felony or was otherwise among those historically not entitled to Second Amendment protections," *United States v. Hughley*, 691 F. App'x 278, 279 (8th Cir. 2017) (unpublished per curiam), the magistrate judge concluded Williams's constitutional challenge failed because he "has multiple felony convictions for violent crimes."

Williams timely objected (Filing No. 71) to the magistrate judge's "credibility remarks" and "the recommendation that the superseding indictment not be dismissed."[2]

Having conducted a thorough de novo review of the record and Williams's objections, *see* 28 U.S.C. § 636(b)(1) (standard of review); Fed. R. Crim. P. 59(b)(3), the Court finds the magistrate judge's findings and recommendation should be accepted in full. The Court agrees with the magistrate judge that even with the presumption that the firearms were found in his home, Williams has failed to present facts that distinguish him from those people who are "historically barred from Second Amendment protections."  *See*, *e.g.*, *United States v. Speed*, 587 F. App'x 996, 997 (8th Cir. 2014) (unpublished per curiam) (rejecting a constitutional challenge to § 922(g)(1) from a felon who was convicted of unlawfully possessing a firearm in his residence).  Williams has multiple felony convictions for violent crimes, which makes him "categorically different from the individuals who have fundamental right to bear arms." *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010); *accord United States v. Woolsey*, 759 F.3d 905, 909 (8th Cir. 2014) ("To the extent the Eighth Circuit has left open the possibility that a person

---

[2]Although Williams only focuses on the superseding indictment, the Court has applied his arguments to all the charges pending against him. *See*, *e.g.*, *United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011) ("An original indictment remains pending prior to trial, even after the filing of a superseding indictment, unless the original indictment is formally dismissed.").

could bring a successful as-applied challenge to § 922(g)(1), the Eighth Circuit has denied similar claims from defendants with [violent] criminal histories.").

For the foregoing reasons,

IT IS ORDERED:

1.   Defendant Jackson Williams's objections (Filing No. 71) are overruled.

2.   The magistrate judge's Findings and Recommendation (Filing No. 70) is accepted in its entirety.

3.   Williams's Motion to Find 18 U.S.C. § 922(g)(1) Unconstitutional as Applied and for Dismissal of the Charges (Filing No. 50) is denied.

Dated this 13th day of May 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

3