IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>JACKSON WILLIAMS,<br><br>  Defendant. | 8:19CR40<br><br>**FINDINGS AND RECOMMENDATION AND ORDER** |

This matter is before the Court on Defendant's Motion to Dismiss (Filing No. 85). For the reasons explained below, the undersigned will recommend that the motion be denied.

## BACKGROUND

Defendant appeared on January 29, 2019 before United States Magistrate Judge Michael Nelson for his initial appearance and arraignment. Attorney Karen Shanahan from the Federal Public Defender's Office was appointed to represent Defendant. An Order for Progression of Criminal Case (Filing No. 13) was entered on January 29, 2019 and provided that pretrial motions were to be filed by February 19, 2019. No pretrial motions were filed and on February 20, 2019, trial was set for March 25, 2019. (Filing No. 16.)

Defendant's attorney, Ms. Shanahan, filed an unopposed motion to continue trial on March 21, 2019. (Filing No. 17.) The motion stated a continuance was required because additional time was needed to investigate the case and to present the results of the investigation to Defendant to determine whether Defendant would proceed to trial. The motion further stated that counsel had informed Defendant of his right to a speedy trial and that Defendant had agreed the motion was in his best interests and waived his right to a speedy trial during the pendency of the motion. The motion was granted the same day, and trial was continued to May 6, 2019. (Filing No. 18.) The Court found that the ends of justice would be served by granting the continuance and outweighed the interests of the public and Defendant in a speedy trial. The order provided that the time between

March 21, 2019 and May 6, 2019 was excludable time in any computation of time under the Speedy Trial Act. The order further found that failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

On May 2, 2019, Ms. Shanahan filed a second unopposed motion to continue trial. (Filing No. 19.) The motion stated a continuance was required because additional time was needed to investigate the case and to present the results of the investigation to Defendant to determine whether Defendant would proceed to trial. The motion further stated that counsel had informed Defendant of his right to a speedy trial and that Defendant had agreed the motion was in his best interests and waived his right to a speedy trial during the pendency of the motion. The motion was granted and trial was continued to June 17, 2019. (Filing No. 20.) The Court found that the ends of justice would be served by granting the continuance and outweighed the interests of the public and Defendant in a speedy trial. The order further found that failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The order provided that the time between May 2, 2019 and June 17, 2019 was excludable under the Speedy Trial Act.

A hearing was held before the undersigned on June 12, 2019 due to a *pro se* mailing Defendant sent to the United District Court Clerk's Office. The mailing had been forwarded to Ms. Shanahan per court rule and she contacted the Court to schedule the hearing. The hearing dealt with concerns Defendant had with Ms. Shanahan's representation. At the hearing, the undersigned had a discussion with Defendant and Ms. Shanahan outside the presence of the Assistant United States Attorney Matt Lierman. The discussion dealt with Ms. Shanahan's representation of Defendant and her work on the case. The undersigned determined Ms. Shanahan should remain as counsel for Defendant. Ms. Shanahan then made an oral motion to continue the trial date. The undersigned had a discussion with Defendant regarding his right to a speedy trial and Defendant thereafter agreed to the continuance. The undersigned continued the trial date and stated on the record that the additional time between that date and the time of trial would be excluded from Speedy Trial Act computations. A written order continuing the trial was entered on June 13, 2019. (Filing No. 25.) The undersigned, both on the record and in the order, found that the ends of justice would be served by granting the continuance and outweighed the interests

of the public and Defendant in a speedy trial. The order further found that failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

On August 12, 2019, Defendant, acting *pro se*, filed a "Verified Ex-Parte Motion" indicating he was experiencing communication difficulties with Ms. Shanahan. (Filing No. 26.) A hearing regarding Defendant's Verified Ex-Parte Motion was held on August 16, 2019. At the hearing, Ms. Shanahan made an oral motion to withdraw as counsel, which was granted. The undersigned stated Defendant would be appointed new counsel. The undersigned canceled the trial date and indicated the trial would be rescheduled to a date approximately 60 days away from August 16, 2019 due to new counsel being appointed to represent Defendant. The undersigned stated that in the interest of justice, the time between August 16, 2019 and the new trial date would be excluded from the speedy trial clock.

On August 22, 2019, the undersigned entered an order appointing Michael Gooch to represent Defendant. (Filing No. 33.) On that date, the undersigned also entered an order setting trial for October 21, 2019. (Filing No. 32.) The order stated the time between August 16, 2019 and October 21, 2019 was excludable time in any computation of time under the Speedy Trial Act. The undersigned found that the ends of justice would be served by granting the continuance and outweighed the interests of the public and Defendant in a speedy trial. The order further found that failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

On September 18, 2019, Defendant, through his current counsel, filed an unopposed motion to continue trial and a speedy trial waiver, which was signed by Defendant. (Filing No. 42.) Defendant requested that trial be continued at least thirty days. The motion indicated Defendant was aware that the motion, if granted, would toll the speedy trial of the case.

On September 19, 2019, the undersigned entered an order granting Defendant's motion to continue trial. (Filing No. 43.) Trial was continued to December 2, 2019. The order provided that the time between September 19, 2019 and December 2, 2019 would be excludable under the Speedy Trial Act. The undersigned found that the ends of justice would be served by granting the continuance and outweighed the interests of the public and Defendant in a speedy trial. The order

3

further found that failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

On October 3, 2019, Defendant filed a motion to review detention. (Filing No. 44.) The motion was denied on October 9, 2019. (Filing No. 46.)

Defendant filed another motion to continue trial on November 18, 2019. (Filing No. 47.) Defendant signed a waiver of speedy trial in connection with the motion. (Filing No. 49.) The motion was granted on November 19, 2019, and trial was continued to January 27, 2020. The order found the time between November 19, 2019 and January 27, 2020 excludable time under the Speedy Trial Act. (Filing No. 48.) The Court found that the ends of justice would be served by granting the continuance and outweighed the interests of the public and Defendant in a speedy trial. The order further found that failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Defendant filed a motion to dismiss on January 13, 2020. (Filing No. 50.) A hearing regarding Defendant's motion to dismiss was held on February 7, 2020. A Findings and Recommendation recommending that the motion to dismiss be denied was issued on March 16, 2020. (Filing No. 70.) Defendant filed an objection to the Findings and Recommendation on March 28, 2020. (Filing No. 71.) United States District Court Judge Robert Rossiter, Jr. overruled Defendant's objection to the Findings and Recommendation on May 13, 2020. (Filing No. 73.) On that date, Judge Rossiter also entered an order setting trial for June 1, 2020. (Filing No. 74.)

On May 14, 2020, Chief United States District Court Judge John Gerrard entered General Order No. 2020-09 IN RE CONTINUANCES DUE TO NOVEL CORONAVIRUS AND COVID-19 DISEASE EXTENDED THROUGH JULY 3, 2020. The General Order continued jury trials in this Court through July 3, 2020 due to the coronavirus pandemic. Defendant filed an objection to the General Order on May 14, 2020. (Filing No. 75.) The objection was overruled by Chief Judge Gerrard on May 14, 2020. (Filing No. 77.)

On May 18, 2020, the undersigned issued an order continuing the trial date pursuant to General Order No. 2020-09. (Filing No. 78.) Trial was continued to July 13, 2020. The order provided the time between May 18, 2020 and July 13, 2020 was excludable under the Speedy Trial

Act. Defendant filed an objection to this Order on May 18, 2020. (Filing No. 79.) The objection was overruled by Judge Rossiter on May 19, 2020.

## DISCUSSION

Defendant requests that this action be dismissed with prejudice, arguing the Speedy Trial Act was violated.

Under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, a criminal defendant's trial must commence within seventy days after he is charged or makes an initial appearance, whichever is later. The Speedy Trial Act, however, excludes from the seventy-day period delays resulting from other proceedings concerning the defendant, including delays resulting from any pretrial motion. 18 U.S.C. § 3161(h). In addition, time is excluded from the seventy-day clock when it results from "a continuance granted by any judge on his motion or at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*.

In this case, the speedy trial clock began to run on the day following Defendant's arraignment. The clock continued to run until the motion to continue was filed on March 21, 2019. At that point, fifty days had expired. In its order granting the motion for continuance dated March 21, 2019, the Court found that the ends of justice would be served by granting the continuance and outweighed the interests of the public and Defendant in a speedy trial. The Court found that the time between March 21, 2019 and May 6, 2019 would be excludable time in any computation under the Speedy Trial Act.

At the time of the May 2, 2019 motion for continuance filed by Ms. Shanahan, the time of the Speedy Trial Act was still tolled. The Court granted the second motion, again finding that the ends of justice would be served by granting the continuance and outweighed the interests of the public and Defendant in a speedy trial. The Court found that the time between May 2, 2019 and June 17, 2019 would be excludable time in any computation under the Speedy Trial Act.

Time was again tolled on June 12, 2019 after Defendant agreed to a continuance during the evidentiary hearing before the undersigned. Time was tolled until the new trial date of August 26,

2019. Time remained tolled when Defendant made another motion to continue during a hearing held on August 16, 2019. Time continued to be tolled when Defendant filed a motion to continue on November 18, 2019 and trial was rescheduled for January 27, 2020. Thereafter, Defendant made several pretrial filings which tolled time under the Speedy Trial Act. The clock remains tolled until Defendant's trial, which is now scheduled for July 13, 2020. Therefore, the seventy-day period under the Speedy Trial Act has not expired.

Defendant seemingly argues that the speedy trial clock expired on April 9, 2019 because he did not agree to the motions for continuances filed by Ms. Shanahan on March 21, 2019 and May 2, 2019. Therefore, according to Defendant, this time should not be excluded for speedy trial purposes. This argument has no merit. It is well-established in the Eighth Circuit that a defendant does not need to consent to a continuance. *See United States v. Herbst*, 666 F.3d 504, 510 (2012). Therefore, the issue of whether Defendant agreed to the continuances is irrelevant.

Defendant further argues that the Court could not make a finding of due diligence or that the continuances were in the ends of justice without holding a hearing. This argument is unpersuasive. The information provided in the motions, as well as the newness of the case, was enough for the Court to make the findings necessary for the continuances. The motions stated that counsel's investigation was progressing but was not yet finished. Moreover, the first motion to continue was filed less than two months after Defendant was arraigned, which is not a significant amount of time to investigate and prepare for trial. Also, at the hearing held on June 12, 2019, Ms. Shanahan explained to the Court what she had been doing and what needed to be done to properly prepare the case for trial. It was apparent to the Court that Ms. Shanahan had been diligently pursuing and preparing the case. Therefore, the Speedy Trial Act was not violated and a hearing was not necessary for the Court to rule on the motions to continue.

Defendant also argues his Sixth Amendment right to a speedy trial was violated. There are four inquiries in a claim involving the Sixth Amendment right to a speedy trial: (1) whether the delay was uncommonly long; (2) whether the government of the defendant is more to blame for the delay; (3) whether the defendant asserted his right to a speedy trial in due course; and (4) whether the defendant suffered prejudice as a result of the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992). However, to trigger the speedy trial analysis, the defendant must allege the

interval between accusation and trial has crossed a line "dividing ordinary from 'presumptively prejudicial' delay." *Id*.

Here, the time between Defendant's indictment and his trial date is reasonable. Defendant filed several motions to continue, as well as a *pro se* filing which necessitated a hearing. Defendant's initial counsel, Ms. Shanahan, withdrew from the case and new counsel had to be appointed to represent Defendant. Thereafter, Defendant's new attorney filed pretrial motions and objections to court orders. Then, near the date of trial, the COVID-19 pandemic occurred resulting in the suspension of jury trials due to public health concerns. Under the circumstances, the length of time between indictment and trial is not presumptively prejudicial. Therefore, Defendant's Sixth Amendment rights were not violated.

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert Rossiter, Jr. that Defendant's Motion to Dismiss (Filing No. 85) be denied.

**IT IS HEREBY ORDERED** that any objections to this Findings and Recommendation must be filed no later than 12:00 p.m. on July 9, 2020. Responses to objections must be filed no later than 12:00 p.m. on July 10, 2020.

Dated this 7th day of July, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge