IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:19CR40** |
| v. | |
| JACKSON WILLIAMS, | **ORDER** |
| Defendant. | |

This matter is before the Court on the magistrate judge's[1] Findings and Recommendation (Filing No. 101) recommending the Court deny defendant Jackson Williams's ("Williams") Motion to Dismiss for Speedy Trial Violation and Request for Evidentiary Hearing (Filing No. 85). *See* 18 U.S.C. § 3162(a)(2); *see also* U.S. Const. amend. VI. Williams objects (Filing No. 104) to the Findings and Recommendation. This Order reiterates the Court's ruling from the bench on July 9, 2020, adopting the Findings and Recommendation and overruling Williams's objection.

The Speedy Trial Act of 1974 ("Speedy Trial Act"), 18 U.S.C. § 3161 *et seq.*, requires a criminal defendant's trial to commence within seventy days of initial appearance or indictment and "give[s] effect to the [S]ixth [A]mendment right" to speedy trial under the United States Constitution, *Betterman v. Montana*, 578 U.S. ___, ___, 136 S. Ct. 1609, 1616 (2016). The Speedy Trial Act excludes from that seventy-day period "days lost to certain types of delays." *Bloate v. United States*, 559 U.S. 196, 203-04 (2010); *see also* 18 U.S.C. § 3161(h). Relevant here, the Speedy Trial Act excludes delays from continuances requested by the defendant *or his counsel* if the Court finds, while setting forth its reasoning on the record, "that the ends of justice served by taking

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The magistrate judge thoroughly reviewed the events in this case, reciting, among other things, (1) motions to continue by Williams's original counsel, (2) her orders and reasoning in granting those motions, and (3) other pretrial motions and events tolling the speedy-trial clock. Based on those events, the magistrate judge found no violation of Williams's rights under the Speedy Trial Act or the Sixth Amendment. The Court agrees with the magistrate judge's findings and well-reasoned conclusion.

As Williams concedes, his original counsel's earlier motions to continue trial did not require his consent. *See United States v. Fogg*, 922 F.3d 389, 392 (8th Cir. 2019) (affirming a defendant's opposition to his counsel's request for a continue does not bar that time from being excluded from speedy-trial calculations). And the record fully supports the magistrate judge's findings, which she sufficiently explained. *See* 18 U.S.C. § 3161(h)(7). Accordingly, for the reasons stated by the magistrate judge and by the Court at the July 9, 2020, hearing,

1. The Findings and Recommendation (Filing No. 101) is adopted.
2. Defendant Jackson Williams's objection (Filing No. 104) to the Findings and Recommendation is overruled.
3. Williams's Motion to Dismiss for Speedy Trial Violation and Request for Evidentiary Hearing (Filing No. 85) is denied.

Dated this 10th day of July 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge