IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  JACKSON WILLIAMS,  Defendant. | 8:19CR40  MEMORANDUM AND ORDER |

After a bench trial on stipulated facts, the Court found defendant Jackson Williams ("Williams") guilty of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The Court rejected Williams's argument that applying § 922(g)(1) to him violated his Second Amendment rights under the United States Constitution because he purportedly possessed the firearms in his residence to defend himself and his home.

At sentencing, the Court determined Williams qualified as an armed career criminal under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), and sentenced him to 211 months in prison and 5 years of supervised release (Filing No. 143). Williams timely appealed his conviction and sentence (Filing Nos. 146 and 148).

On appeal, the Eighth Circuit affirmed Williams's conviction but determined the Supreme Court's decision in *Borden v. United States* that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under ACCA," 593 U.S. ___, ___, 141 S. Ct. 1817, 1834 (2021) (plurality opinion); *id.* at ___, 141 S. Ct. at 1835 (Thomas, J., concurring in the judgment), required remand for resentencing. *See United States v. Williams*, 24 F.4th 1209, 1212 (8th Cir. 2022) (per curiam). In short, one of Williams's prior convictions no longer qualified as a violent felony under ACCA after *Borden*, so "the armed career criminal classification" no longer applied. *Id.*

On June 1, 2022, Williams moved for leave to represent himself at resentencing (Filing No. 171). The Court granted Williams's motion after finding he knowingly and intelligently waived his right to counsel. At the resentencing hearing, the Court sustained some of Williams's objections to his revised presentence investigation report and denied others. Granting the government's oral motion for an upward variance, the Court sentenced Williams to 90 months in prison and 3 years of supervised release (Filing No. 175). Williams did not appeal.

Now pending before the Court is a hand-written motion from Williams that briefly covers several different topics, including (1) his "constitutional right to conduct his own defense at trial," (2) his "right to assistance of counsel," (3) an alleged "conspiracy to interfere with [his] civil rights as a child of god," (4) his "demand to be return[ed] to the State of Nebraska," and (5) his Second Amendment claim (Filing No. 180). At the top, the document refers to a "Fraud upon the Courts Rule 60B." The Court presumes the reference is to Federal Rule of Civil Procedure 60(b)(3), which authorizes the Court to "relieve a party . . . from a final judgment, order, or proceeding" because of fraud "by an opposing party."[1]

But Williams—proceeding pro se—does not elaborate on his references to fraud and Rule 60(b) or explain how that narrow civil rule, *see Holmes v. United States*, 898 F.3d 785, 791 (8th Cir. 2018) (noting Rule 60(b) motions are disfavored and only authorize relief in the most exceptional cases), applies to his criminal case. It usually doesn't. *See* Fed. R. Civ. P. 1 and 81 (describing the scope and purpose of the civil rules); *United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014) ("[T]he Federal Rules of Civil Procedure (including Rule 60(b)) do not apply to criminal cases."); *United States v. Eggleston*, 24 F. App'x 656 (8th Cir. 2002) (unpublished per curiam) ("Rule 60(b) applies only to civil cases."). Nor is a Rule 60(b) motion "a substitute for a timely appeal." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010); *accord Kan. City S. Ry. Co. v. Great*

---

[1] Federal Rule of Criminal Procedure 60(b) addresses victim rights.

2

*Lakes Carbon Corp.*, 624 F.2d 822, 825 n.4 (8th Cir. 1980) (en banc) ("It is basic that [Rule] 60(b) is not a substitute for appeal."); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) (clarifying the defendant should have raised his challenge in his "criminal appeal of his conviction and sentence" instead of a Rule 60(b) motion).

"A Rule 60(b) motion may be used to seek relief from the denial of [a 28 U.S.C.] § 2255 motion, but only if it pertains to issues that were decided in the § 2255 case." *United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004) (unpublished); *see also Ward v. Norris*, 577 F.3d 925, 932-33 (8th Cir. 2009). To this point, Williams has not expressly made a § 2255 motion, so Rule 60(b) does not apply on that basis.

That said, at least some of the issues Williams raises in his current motion could potentially fall within the purview of § 2255. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) ("Pro se habeas petitions should be liberally construed.").

With that in mind, the Court is inclined to construe Williams's submission as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See United States v. Carrillo-Castellon*, No. 4:11CR3086, 2012 WL 4753377, at *1 (D. Neb. Oct. 4, 2012) ("Any motion that is filed in the district court that imposed the sentence, and is substantively within the scope of § 2255(a) '*is* a motion under § 2255, no matter what title the prisoner plasters on the cover.'" (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004))). Of course, that does not mean that Williams has raised any valid grounds for relief or that his motion is procedurally sound; it only means the Court will treat his motion as a § 2255 motion unless and until Williams says otherwise.

Before ruling on Williams's motion, the Court must warn him "of the consequences of treating his motion as one brought under § 2255 and give him an opportunity to avoid these consequences." *Id.* (citing *Castro v. United States*, 540 U.S.

3

375, 382-83 (2003)).  To do that, the Court follows the procedure Judge John Gerrard laid out in *Carrillo-Castellon*.  *See id.*

To begin, the Court advises Williams that federal law substantially limits the filing of a "second or successive" § 2255 motion.[2]  Therefore, Williams must make sure he includes all "his claims for post-conviction relief in a single motion."  *Carrillo-Castellon*, 2012 WL 4753377, at *2.  If Williams wants to add to the allegations in his existing motion or "has additional grounds for relief" to assert, "he should consider withdrawing his" existing motion or obtain "leave to amend it."  *Id.*  Failing to do so risks forever forfeiting those arguments or claims for relief.

Next, the Court reminds Williams that § 2255 motions are generally subject to a one-year statute of limitation.  *See* 28 U.S.C. § 2255(f) (explaining when the limitation period begins to run).  Williams must make sure any motion he files under § 2255 is timely or it may be barred.

Having given those warnings, the Court will let Williams withdraw or amend his present motion.  That leaves him three basic options.

First, he can *withdraw* his current motion by notifying the Court in writing on or before March 3, 2023.  If he withdraws his motion, he may assert a new § 2255 motion, but he would generally have to do so within the applicable one-year limitation period discussed above.  *See id.* § 2255(f).  If Williams decides to file a new § 2255 motion, he

---

[2]Section 2255(h) requires that an Eighth Circuit panel certify under 28 U.S.C. § 2244 that a "second or successive" § 2255 motion contain either
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

4

should use the appropriate form. The Clerk of Court will provide him a copy of the form for filing a § 2255 motion.

Second, Williams can *amend* his current motion to provide additional information to support his existing request for relief or add any new claims or arguments he may have. If he chooses to amend his existing § 2255 motion, Williams must submit an amended motion on or before March 3, 2023. He can amend his motion by changing or supplementing his current submission, by using the § 2255 motion form provided by the Clerk, or both.

Finally, Williams can *notify* the Court by March 3, 2023, that he wants it to rule on his current motion *as submitted*. If Williams does not advise the Court of his choice or otherwise respond to this Memorandum and Order by that date, the Court will (1) construe his silence as his consent to have his motion treated as a § 2255 motion and (2) decide the motion as currently submitted.

In light of the foregoing,

IT IS ORDERED:
1. On or before March 3, 2023, Williams shall either (a) *withdraw* his current motion; (b) *amend* his current motion; or (c) *notify* the Court he wants the Court to rule on his current motion *as submitted*.
2. If Williams does not notify the Court of his choice, he will be deemed to have consented to having the Court treat his motion as a § 2255 motion and rule on his request for post-conviction relief as is.
3. The Clerk of Court is directed to send a copy of this Memorandum and Order and a copy of the proper form for filing a § 2255 motion to Williams at his address of record.

Dated this 25th day of January 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge